IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:09CR00016-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| EMMETT QUATTLEBAUM, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Emmett Quattlebaum, Pro Se Defendant.*

Emmett Quattlebaum, a federal inmate sentenced by this court, is currently serving a 144 month sentence for conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846. He now moves this court to alter or amend its previous judgment denying a sentence reduction pursuant to Amendment 750 of the U.S. Sentencing Guidelines Manual ("USSG"), which retroactively reduced offense levels for crack cocaine convictions, and 18 U.S.C. § 3582. Because Quattlebaum was sentenced pursuant to the career offender guidelines, which were not affected by Amendment 750, I must deny the motion.[1]

---

[1] Quattlebaum describes his motion as one to amend or alter the judgment pursuant to Federal Rule of Civil Procedure. However, a § 3582 motion is considered a criminal proceeding, and "[a] defendant simply may not seek relief from a criminal sentence under Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Damon*, 59 F. App'x 619, 621 (6th Cir. 2003) (unpublished). In any event, I will reach the merits because it does not change the outcome.

On August 24, 2009, Quattlebaum was sentenced by this court to 240 months imprisonment for conspiring to distribute crack cocaine. Based on the drug quantity table in USSG § 2D1.1, Quattlebaum's Base Offense Level was 32. Quattlebaum qualified as a career offender due to prior felony convictions, resulting in a Total Offense Level of 37, which, with a Criminal History Category of VI, yielded an advisory guideline range of 360 months to life imprisonment. At sentencing, however, I varied downward to a sentence of 240 months, based on consideration of the crack-to-powder disparity as well as the mitigating circumstances of the defendant's past family history. (Statement of Reasons, ECF No. 91.) On September 2, 2011, I further reduced Quattlebaum's sentence to 144 months, based on a motion by the government to reflect Quattlebaum's substantial assistance to authorities. (Order, ECF No. 108.)

On February 1, 2012, I denied Quattlebaum's motion for a sentence reduction based on Amendment 750, which retroactively lowered the base offense levels for crack cocaine convictions, on the basis that Quattlebaum was sentenced under the career offender guideline rather than the drug guideline. Quattlebaum now moves for the court to reconsider its prior order. He contends that, despite the court's finding at sentencing that Quattlebaum was a career offender, the court's

-2-

Case 1:09-cr-00016-JPJ-PMS   Document 132   Filed 06/26/15   Page 2 of 5   Pageid#: 390

downward variance meant that his ultimate sentence was based on the crack cocaine offense guideline.[2]

Before granting a sentence reduction pursuant to a guidelines amendment, the court must engage in a two-step inquiry: (1) determine the scope of reduction authorized by § 3582(c)(2) and § 1B1.10, and (2) determine whether a reduction is warranted in light of the factors listed in § 3582(a). *Dillon*, 560 U.S. at 826. Currently at issue is the first prong of the analysis — whether Quattlebaum is eligible for a reduction. Under 18 U.S.C. § 3582(c)(2), a court may grant a motion for a sentence reduction for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Quattlebaum contends that, despite his career offender status, his sentence was actually "based" on the crack cocaine guidelines due to the court's downward

---

[2] Quattlebaum further contends that this court has the authority to resentence him pursuant to the Ninth Circuit's holding in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), that courts may treat the guidelines as advisory when resentencing a defendant pursuant to § 3582. *Id.* at 1173. *Hicks* was abrogated, however, by the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010), which held that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding," but instead "giv[es] courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Id*. at 825.

-3-

Case 1:09-cr-00016-JPJ-PMS   Document 132   Filed 06/26/15   Page 3 of 5   Pageid#: 391

variance.³ He cites the Second Circuit's ruling in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), that a defendant who was designated a career offender, but received a downward departure to the crack cocaine guidelines, was eligible for a sentence reduction. *Id.* at 226; *see also United States v. Munn*, 595 F.3d 183, 195 (4th Cir. 2010) (holding that, despite being a career offender, defendant was eligible for sentence reduction because his sentence "fell squarely within" crack cocaine guideline due to downward departure). The holdings in *McGee* and *Munn* were short lived, however, as the Sentencing Commission clarified soon after that, for purposes of a sentence reduction, the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category . . . *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." USSG App. C, Amend. 259 (2011) (emphasis added). Thus, Quattlebaum's "applicable guideline range is based on the career offender provision and is unaffected by a subsequent departure." *United States v. Quarles*, 889 F. Supp. 2d 783, 788 (E.D. Va. 2012).

Even if *McGee*'s and *Munn*'s holdings had not been superseded, the facts of those cases are materially distinguishable, as the defendants were granted

---

³ At one point in his motion, Quattlebaum asserts that this court found him ineligible for relief because he was sentenced before the effective date of the Fair Sentencing Act. This contention is not supported by the record, as the court's prior order stated that Quattlebaum was not eligible because he was sentenced as a career offender. (Order, ECF No. 113.)

-4-

Case 1:09-cr-00016-JPJ-PMS   Document 132   Filed 06/26/15   Page 4 of 5   Pageid#: 392

downward departures and explicitly sentenced within the crack cocaine guideline range. 553 F.3d at 226; 595 F.3d at 195. By contrast, I granted a variance outside the guidelines in Quattlebaum's case, and his sentence was not based on the crack cocaine guideline range but was instead a "non-guidelines" sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (stating that a variance sentence is a "non-guideline sentence" (internal quotation marks and citation omitted)); *Quarles*, 889 F. Supp. 2d at 786 ("A sentence imposed pursuant to a variance is, by definition, a sentence outside the applicable guideline range."). Thus, Quattlebaum's sentence was not "based" on the crack cocaine guideline in any event.

Because Quattlebaum was sentenced pursuant to the career offender guidelines, he is not eligible for a sentence reduction. Therefore, it is **ORDERED** that the motion for reconsideration (ECF No. 131) is DENIED.

ENTER: June 26, 2015

/s/ James P. Jones
United States District Judge